**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOHN WESLEY WILLIAMS,                         No. 2:16-cv-3002-JAM-CMK-P

        Plaintiff,

     vs.                                        FINDINGS AND RECOMMENDATION

RILEY, et. al.,

        Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for judicial intervention (Doc. 22).  In essence, this motion is a motion for injunctive relief, wherein plaintiff is requesting prison officials at California State Prison, Corcoran, be ordered to allow plaintiff access to the law library.

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

1

1  standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

2  controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

3  1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

4  likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

5  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

6  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

7            However, where a prisoner is seeking injunctive relief with respect to conditions

8  of confinement, the prisoner's transfer to another prison renders the request for injunctive relief

9  moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v.

10 Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991)

11 (per curiam).

12           Here, plaintiff has informed the court that he has been transferred to R.J. Donovan

13 Correctional Facility.  As plaintiff has been transferred to another prison, his request for

14 injunctive relief with respect to conditions at CSP-Corcoran are moot.

15           Accordingly, the undersigned recommends that plaintiff's motion for judicial

16 intervention (Doc. 22) be denied as moot.

17           These findings and recommendations are submitted to the United States District

18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

19 after being served with these findings and recommendations, any party may file written

20 objections with the court.  Responses to objections shall be filed within 14 days after service of

21 objections.  Failure to file objections within the specified time may waive the right to appeal.

22 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED:  August 21, 2018

24                                                            _____
                                                             **CRAIG M. KELLISON**
25                                                           UNITED STATES MAGISTRATE JUDGE

26